# CHARLESTON.

A. KELLER v. SAMUEL SMITH, *trading as* OLIVER HAT SHOP

(No. 5653)

Submitted September 7, 1926.   Decided September 14, 1926.

1. ASSUMPSIT, ACTION OF—*In Action of Assumpsit, Plaintiff Has Burden of Proving Contract and Breach by Evidence Sufficiently Clear and Satisfactory to Enable Jury Intelligently to Make Necessary Finding; in Action of Assumpsit, if Plaintiff's Evidence is so Vague and Unsatisfactory That no Findings Can Intelligently be Based on it, Verdict for Defendant is Necessary.*

In an action of assumpsit the burden is on the plaintiff to prove the contract and the breach assigned in his declaration by evidence sufficiently clear and satisfactory to enable the jury to intelligently make the necessary finding. If the evidence deduced is so vague and unsatisfactory that no findings can be intelligently based upon it, the necessary result will be a verdict for defendant.   (p. 105.)

2.   WORK AND LABOR—*In Action for Work in Repairing and Remodeling Store, Evidence Held Insufficient to Support Verdict for Plaintiff.*

A case where the verdict is not supported by the evidence. (p. 106.)

Error to Circuit Court, Ohio County.

Assumpsit by A. Keller against Samuel Smith, trading as the Oliver Hat Shop. Verdict for plaintiff, and defendant brings error.

*Reversed and remanded.*

*W. C. Grimes* and *J. Leonard Baer*, for plaintiff in error.

*Herman A. Hundt* and *A. E. Bryant*, for defendant in error.

WOODS, JUDGE:

A. Keller instituted an action of trespass on the case in assumpsit on the common counts for $850.00 against Samuel Smith, trading as the Oliver Hat Shop. Verdict for plaintiff for $775.00, and the defendant brings error.

On March 6, 1924, Mrs. Smith, under authority of her husband, Samuel Smith, trading, etc., consulted A. Keller, a carpenter, in regard to certain repairs at the Oliver Hat Shop— remodeling and constructing two wall show cases, and some other repairs. She asked Keller, plaintiff, to give her a fixed price on the work. Plaintiff admits that Mrs. Smith said something about Mr. Smith limiting the amount to be expended to the sum of $400.00, but states that he informed her that he would only consider the job on a time and material basis, assuring her, however, that he would make the cost as low as possible. Work was begun. Two or three days later, Mrs. Smith, after having a conference with her husband at their home in Pittsburgh, returned to Wheeling for a few days and called plaintiff in, and stated to him that her husband, the owner of the store, wanted to know how much the work was going to cost. Whereupon the plaintiff, according to his testimony, replied: ''Mrs. Smith, if I had to set the price, I do not want the job—give it to somebody else, I can't do it—impossible; I might say so and so and I wouldn't know

what to say.'' And after assuring her that he would keep the price as low as possible, Mrs. Smith (who insists that he agreed to keep the price below $400.00) directed him to go ahead with the work, and to keep the price down as much as possible. Plaintiff went along with the work—doing a great deal of the work at night. From the record, it seems that he and his assistant worked some during this time at the Better Shop, which was located next door. When questioned if he did not charge both the defendant and the Better Store for work at the same time, he explained in the following language: ''I worked at the Better Store until about half past four or five o'clock, and then in the evening we went into the Oliver Hat Shop, after the work was done at the Better Store, and sometimes worked there until nine o'clock, at the Oliver Hat Shop the same day that I worked at the Better Store.'' All work done at the Oliver Hat Shop after the regular working day of eight hours had passed was charged up against the defendant as overtime, for which plaintiff claims that he was entitled to time and one-half. According to plaintiff's testimony, he worked eight or ten evenings at the Hat Shop and many times at his shop at home for said Hat Shop. His assistant worked three evenings at the Hat Shop, as well as other overtime. Just how much of the time charged in the bill of particulars is overtime, it is impossible to calculate, for all overtime has been reckoned in actual hours and added in with the regular time and charged at the regular rate of $1.50 for the plaintiff per hour, and $1.40 per hour for his assistant.

The plaintiff showed no special contract, unless his admission that he was to do the work as cheaply as possible constituted such. On the theory that there was no special contract, the law imposed upon him, under the common counts in his declaration, the burden of proving the reasonable worth of the labor and the material, if any, furnished by him. 2 R. C. L. 773. This he did not do. The items set out in his bill of particulars do not show the facts as they obtained, even according to plaintiff's own testimony. From it we find that by taking the days for which the plaintiff charges for more than eight hours of labor performed by himself, the overtime charge which he did not actually work, amounted to fifty-

seven hours at $1.50 per hour, a total charge of $85.50. A like charge is made of nineteen and one-half hours for an assistant at $1.40 per hour, a total of $37.30. This makes an aggregate charge of $112.80 for time charged, but not actually worked. And, judging from the testimony that he worked some days at the Better Store, we would be warranted in assuming that there might be a great number more hours entered as overtime than actually appears on the face of the bill of particulars. According to plaintiff's own contention, there was no special agreement to allow him time and a half for overtime. To charge therefor would be contrary to his own version of the contract that he was to do the work ''as cheaply as possible.''

The plaintiff's case rests alone on his unsupported testimony, which is uncertain and unsatisfactory. As we have shown he endeavored to prove a special contract. He alleges the common counts. Whatever is necessary to be alleged in a special count must be proved to support a common count for the same cause of action. 5 C. J. 1409 (Note 15a.) The real question, therefore, was what the work done and materials furnished by him were reasonably worth—a quantum meruit. This he failed to prove. The plain preponderance of the evidence sustains the contention of the defendant that he demanded a fixed price for the labor and materials furnished, and that the plaintiff agreed to a maximum price for such work and materials of $400.00. This would limit the recovery to that amount. The jury by its verdict gave the plaintiff credit for the overtime work. In the absence of a special agreement this was improper. Under any view of the matter the evidence offered by the plaintiff in support of this case is so vague and unsatisfactory that any recovery beyond $400.00 is not warranted. It is not a conflict of evidence falling within the province of the jury to determine, as urged by counsel for the plaintiff, but it is the want of competent evidence. The verdict returned cannot be upheld. We therefore set it aside, remand the case and award a new trial.

*Reversed and remanded.*